IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CONTROLS SOUTHEAST, INC., | : |
|     Plaintiff and | : |
|         Counterclaim Defendant, | : |
| | : |
| v. | : No. 3:16-cv-00230-FDW-DSC |
| | : |
| QMAX INDUSTRIES, INC., | : |
| THOMAS W. PERRY, | : |
| PETER E. KOBYLARZ, JR. and | : |
| HENRY P. GAINES, JR. | : |
| | : |
|     Defendants and | : |
|     Counterclaim Plaintiffs | : |

## **STIPULATED PROTECTIVE ORDER**

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible.

Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

    4.    Information or documents designated as "Confidential" shall not be disclosed to any person, except:

        a.    The requesting party and counsel;

        b.    Employees of such counsel assigned to and necessary to assist in the litigation;

        c.    Consultants or experts to the extent deemed necessary by counsel;

        d.    Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

        e.    The Court or the jury at trial or as exhibits to motions.

    5.    Prior to disclosing or displaying the confidential information to any person, counsel shall:

        a.    Inform the person of the confidential nature of the information or documents; and

        b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

    6.    The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion,

each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit </u>A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

7. "Highly Confidential/Trade Secret Information." "Highly Confidential/Trade Secret Information," which shall be designated as "HIGHLY CONFIDENTIAL/TRADE SECRET INFORMATION – OUTSIDE ATTORNEY'S EYES ONLY," includes all information deemed by the producing party to describe commercially sensitive information (e.g., customer and/or supplier lists, sales and profit information, sales projections, strategies, industry analysis), and/or the trade secret(s) of that party.

      a. Use Limitations. All Highly Confidential/Trade Secret Information produced in the course of this discovery proceeding herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business, patent prosecution (except in proceedings on the asserted patents), competitive, research, development, or other purpose whatsoever.

         i. To the extent that portions of Highly Confidential Trade Secret Information are quoted in a document, either (i) the entire document will be stamped "HIGHLY CONFIDENTIAL/TRADE SECRET INFORMATION – OUTSIDE ATTORNEY'S EYES ONLY" or (ii) those pages containing the quoted Highly Confidential Information will be separately bound, and stamped as "HIGHLY CONFIDENTIAL/TRADE SECRET INFORMATION – OUTSIDE ATTORNEY'S EYES ONLY." All Highly Confidential/Trade Secret Information shall be filed under seal.

      b. Limitations on Disclosure of Highly Confidential/Trade Secret Information. Highly Confidential Trade Secret Information shall not be given, shown or made

available or communicated in any way to anyone except persons enumerated below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Highly Confidential/Trade Secret Information be given or shown for the purposes permitted under this paragraph. Each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit</u> A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

    c.    Persons to Whom Highly Confidential/Trade Secret Information May be Disclosed. Except as otherwise provided by this Protective Order, information designated as "HIGHLY CONFIDENTIAL/TRADE SECRET INFORMATION – OUTSIDE ATTORNEY'S EYES ONLY" shall be disclosed only to:

    i.    Outside counsel of the requesting party;

    ii.    Consultants or experts (and their employees or assistants) to the extent deemed necessary by counsel;

    iii.    Employees of such counsel assigned to and necessary to assist in the litigation;

    iv.    Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    v.    The Court or the jury at trial or as exhibits to motions.

    d.    A party desiring to disclose Highly Confidential/Trade Secret Information to an independent expert or independent consultant shall maintain a log identifying the Bates

ranges of the Highly Confidential/Trade Secret Information so disclosed and the date of disclosure. This log shall be made available upon request to the party which produced the Highly Confidential/Trade Secret Information following the conclusion of the litigation.

    e. Deponents. Deposition transcripts containing Highly Confidential/Trade Secret Information of another party may be shown to the deponent at whose deposition the deponent had been shown the particular Highly Confidential/Trade Secret Information of another party for the purpose of correction or preparation of other testimony by the deponent, but the deponent may not retain a copy of the transcript.

    f. Any inadvertent disclosure of unmarked Confidential Information or Highly Confidential/Trade Secret Information shall not preclude the disclosing party from later claiming a right to confidentiality with respect to, or trade secret rights in, the inadvertently disclosed and subsequently designated Confidential Information or Highly Confidential/Trade Secret Information.

    g. The inadvertent failure by the disclosing party to identify specific information as Highly Confidential/Trade Secret Information shall not act as an admission that the information is not trade secret information, nor serve as a waiver to assert protection of that information as trade secret information or reclassify that information as Highly Confidential/Trade Secret Information.

  8. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

9. At the conclusion of litigation, the confidential information and Highly Confidential/Trade Secret Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.  Signed: January 19, 2017

David S. Cayer
United States Magistrate Judge

/s/ Benjamin E. Leace
Benjamin E. Leace (*pro hac vice*)
Christpher H. Blaszkowski (*pro hac vice*)
RatherPrestia
2200 Renaissance Blvd., Suite 350
King of Prussia, PA 19406
(610) 407-0700
beleace@ratnerprestia.com
chblaszkowski@ratnerprestia.com

J. Mark Wilson, N.C. State Bar No. 25763
MOORE & VAN ALLEN PLLC
100 North Tryon St., Suite 4700
Charlotte, North Carolina 28202
(704) 331-1000
markwilson@mvalaw.com

*Attorney for Plaintiff,*
*Controls Southeast, Inc.*

/s/ Brian L. Church
Charles E. Johnson, N.C. Bar No. 9890
cejohnson@robinsonbrawdshaw.com
Brian L. Church, N.C. Bar No. 39581
bchurch@robinsonbradshaw.com
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St., Suite 1900
Charlotte, North Carolina 28246
(704) 377-2536

Gregory R. Everman, N.C. Bar No. 27554
EVERMAN LAW FIRM
6000 Fairview Rd. Suite 1200
Charlotte, North Carolina 28210
geverman@evermanlawfirm.com

*Attorney for Defendants/Counterclaimant*
*Qmax Industries, LLC and Thomas W. Perry*

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Controls Southeast, Inc. v. QMax Technologies, Inc. et al.*, No. 3:16-cv-00230-FDW-DSC, pending in the Western District of North Carolina have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL/TRADE SECRET INFORMATION – OUTSIDE ATTORNEY'S EYES ONLY" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)